416-0727, the people of the state of Illinois v. Chadwick Kelley. And for the appellant, we have Ms. Fangman. And for the appellee, Ms. Brooks. You may proceed, counsel. Thank you, Your Honor. May it please the court, counsel? I am Jessica Fangman with the Office of the State Appellate Defender and I represent Mr. Chadwick Kelley. The circuit court in this case erred because it dismissed Mr. Kelley's post-conviction petition. And in his post-conviction petition, the claims that he raised established the gist of a constitutional violation. Instead of dismissing the petition, the circuit court should have advanced the petition onto the second stage proceedings. Our Supreme Court in People v. Hodges held that a petition may only be dismissed at the first stage of a post-conviction proceeding if all the claims in the petition lack an arguable basis in law or fact. A claim lacks an arguable basis in law or fact when it is based on an indisputably meritless legal theory, the claim is based on factual contentions that are clearly baseless, or the claim describes delusional or fantastic scenarios. At this stage, Mr. Kelley is only required to show the gist of a constitutional violation. A gist is a low threshold that is easily satisfied. In this case, because Mr. Kelley is arguing that his attorney was ineffective, he only has to show that her performance was arguably deficient, and that arguably deficient performance possibly prejudiced him. Mr. Kelley pled the gist of a constitutional violation when he alleged that his trial attorney should have moved to suppress or challenge the line-up identification procedures based on a new line-up statute that became effective on January 1st, 2015. Was that effective after the line-up was conducted? Yes, Your Honor, it was. So, counsel was ineffective for not moving to suppress the line-up that occurred consistent with the law which was in existence at the time? Yes, Your Honor, because the retroactivity event in this case is not the line-up itself, it's the trial. So, in this case, Mr. Kelley waived his right to a jury trial on January 2nd, and on January 7th of 2015, he pled guilty and was sentenced on that date. So, on the date of his sentencing and on his plea of guilty, that statute was in effect. So, if a motion had been made to suppress the identification because it didn't comply with the statute, what would the ruling have been? Likely, a motion to suppress based on that statute would have been denied. However, as Mr. Kelley argues in his opening brief, there's a second remedy under this line-up statute. That second remedy is the remedy that allows Mr. Kelley to argue to the jury that the jury can consider the state's noncompliance with the statute. Had that request been made at trial, what would the ruling have been? Had that request been made at trial after the line-up statute became effective? Yes. Your Honor, I do believe that the court would have allowed those jury instructions because it goes to the weight. That statute was in effect at the time of the trial. So, it's ineffective assistance not to have understood that this statute that wasn't in existence would apply? It's possible, Your Honor, yes. Well, what is the basis for concluding that the court would have instructed the jury in accordance with the statute, which was not in existence at the time the police did what they did? We don't know whether or not the court would have instructed, but if they... I didn't ask if we know. I said, I'm the trial judge. Make your argument to me now. What's the basis for the counsel? This is a new statute. Why should I instruct the jury when the police act in accordance with the laws that then was? Your Honor, your Honor should instruct the jury according to the new statute because the new statute shows that there were problems with the old statute. The new statute specifically requires that an independent administrator not be used. Every other option besides an independent administrator in this case requires the person administering the lineup to not know who the suspect is, to not have any idea who the victim is either, or generally who the suspect is. So, in this case, the trial judge could have instructed the jury that while the statute wasn't in effect at the time of the lineup, that the state's failure to comply with the statute could be considered by the jury even though the statute was not yet in effect. But right now, Mr. Kelly only has to show that it's possible that his attorney neglected his case. Because that statute became effective before he went to trial, it's possible that his attorney could have either moved to suppress the line of identification or asked the trial court to instruct the jury accordingly. Counsel, would you agree that if we find that the relevant event is when the lineup identity took place, then you lose? If your Honor finds that the relevant retroactivity event would be the lineup in this case, then yes, we would lose. But in our view, what you're suggesting is that the court should penalize the state and the police for not complying with the statute that wasn't in effect at the time that the lineup took place. I don't agree that we're asking the court to penalize the state. We're suggesting that they did something wrong, right? That they failed to do something. But I would presume that the trial court would be able to explain to the jury as well that that statute wasn't in effect. So, Mr. Kelly's not advocating for a position that requires the authorities to act in accordance with the new statute. He's just saying that, look, this new statute is in existence. There was obviously a problem with the old statute. And in this case, there was not an independent administrator. The officer that conducted the lineup in this case is the primary investigator who investigated, who took witness statements and interviewed the victim as well as my client. If what you're saying, you're suggesting that the legislature decided that police lineups were problematic, or these kinds of lineups were problematic. So they wanted to remedy that. The remedy would be directed at the people who are doing it in a problematic way. Okay. How do you, you don't get a do-over. You know, I mean, the police can't, how can they comply with that which does not exist? I agree. Because no one is saying that this particular lineup was necessarily flawed. Other than it's better to do it the new way. Is that right, though? I mean, is there any... Yes, it's better to do it the new way. That's why... And there's no suggestion that this particular lineup was flawed. Well, there is in that, Mr. Kelly alleged... Has that been asserted on appeal? In his post-conviction petition, he did allege that the lineup was flawed because an independent administrator was not used. Yeah, yeah, that's not what I mean. Anything else wrong with the lineup? Not that I recall that he alleged in his post-conviction petition. It's based on this independent administrator, this lack of an independent administrator. Well, to be more explicit with Justice Skenetis getting to it, was not a lineup consisting of the suspect, a refrigerator, a duck, and a nun? It was not, Your Honor. Thank you. Thank you. Because Mr. Kelly at this stage only has to show that it was possible that his attorney's conduct was deficient. And he also has to show that it's possible that his attorney's deficient conduct prejudiced him. Here, without the lineup evidence, all we have is... Excuse me. All we have is the statement from Elizabeth Spillman, who did not see Mr. Kelly. The victim's statement to the police officer, but the victim had a motive to fabricate his statement to the police officer because he told the police officer that my client had owed him money. And then the other co-defendant in this case received a significantly less sentence in exchange for his testimony against Mr. Kelly. So without this lineup identification, we're left with a witness who did not see Mr. Kelly, a victim who has a motive to accuse Mr. Kelly of a crime because he owed this person money, and a co-defendant who received a significantly less sentence. So Mr. Kelly has shown, and again, he only has to show that it's possible that this is not a fanciful claim. And it's not because that statue was in effect at the time of his trial, which was the relevant retroactivity of that. What's your best case for suggesting that this should be retroactive in this kind of way? Well, because the trial itself didn't occur until after the statue became effective. Case. What's your best case? Oh, my best case. Your Honor, I don't have a case that says this should retroactively apply to this particular lineup. No, not to the lineup, but just to any similar thing in criminal jurisprudence where you would concede, I think. Well, no, maybe you don't want to concede. Let's say for the moment that the lineup was okay under existing law when it was done. Is there any similar line of cases involving a similar statute or a similar procedure where it was retroactive to ban or discount what happened that was legal under the statute when it was done? I don't have a case, Your Honor, that says that. I don't either. I'm trying to think of something that would be analogous to this. But I still do think that the statute, the remedy portion of the statute, shows that this statute goes to the trial. This lineup identification information can go to the trial. So I think the statute also clearly shows that the relevant retroactivity event is not the lineup, but is the trial itself because the lineup could have been challenged all the way up until then. Mr. Kelly has also shown the gist of a constitutional violation when he alleged that his attorney was ineffective for convincing him to plead guilty to a firearm enhancement. In his petition, Mr. Kelly alleged that there was no evidence in the record to support the firearm enhancement in this case. Did your client suggest he had a weapon? Your Honor, my client did suggest that he had a weapon. However, throughout the record, there's many different references to this gun-like object. In the indictment, it's referred to as a firearm and a pistol. In McCord's Supplemental Report Number 9, the airsoft handgun is referred to in that report. He refers to an airsoft pistol in Supplemental Report Number 11. Well, let's be clear. There was an air pistol found nearby, correct? At the veteran's home, correct, Your Honor, yes. And then there's this issue of whether or not the victim had a firearm in the home. That's correct. Based on the record, that's my understanding as well. But there's no evidence to show that the gun that my client that was supposedly found inside this residence was not the airsoft gun. And I think that this confusion over the gun is shown in this record. And then also the victim refers to the gun as a handgun, and he saw it was a revolver, yet the state charges it in the indictment as a pistol. So I think that that shows here that there's some misunderstanding or the facts are not clear. What's the difference between a pistol and a revolver? Your Honor, I believe the difference between a pistol and a revolver is that the revolver you have to manually load the bullets in, and it has the thing that turns the cylinder. Thank you, Your Honor. And that a pistol, I believe you load from the bottom up. So I do believe that on a visual, but that's again, I don't know if that's 100% accurate. I don't... What about your client saying during his plea, the gun I used was a black revolver lying on his bed? Your Honor, an airsoft gun is a replica weapon. So even though he's referring to this gun as a 40 millimeter firearm, that he is not presumed to know the difference between an airsoft gun and a firearm. And right now he just has to show that it's possible. That's all that he needs to show is that it's possible, that this is not a fantastical delusion. This is anecdotal, but I've never seen an airsoft gun that was anything other than a replica. A visual replica of an automatic, not a revolver. I, in preparing for this case, I did, obviously this is outside of the record, but I did review lots of different airsoft guns and they look like every type of weapon you could possibly imagine. Including revolvers. Including revolvers. I was absolutely shocked, quite frankly, at how many different types of airsoft guns there are and how similar they look and how now they don't even have the orange tips on the front. So it's even more difficult to tell. So I think that that shows the possibility. And that's all that we have to do here. All we have to show is that it's possible that this is a... Not if the record refutes it. Yes, Your Honor. But in this case, the terms that are used in the record show that it's not 100% true that we know that a firearm was used. How about your client saying, I committed a crime. I can't fight this. I need to plead. What crime did he commit? What crime did he plead guilty to? No, he said, I committed a crime. Right. What crime was he pleading guilty to? Home invasion. And he knows that the home invasion includes being armed with a weapon. The particular charge that he was under, he was made aware of that at the time. But then once... And then he tells me as a trial judge, I committed the crime. I'm pleading guilty. I know what I'm doing. Yes. I used the black revolver that was on his bed. He says that. That's not what the facts were. Mr. Kelly's not required to know what the legal definition of a firearm is. So he may believe that the airsoft pistol, he may refer to the airsoft pistol as a firearm. There's no evidence to show that he knows what this firearm is. So it's just right now, he just has to show that it's possible. And it's possible that he has shown that it's possible on both of these claims. If your honors have no further questions, Mr. Kelly respectfully requests this court remand his case for second stage proceedings under the Post-Conviction Act. Thank you counsel. Thank you. Ms. Brooks. Thank you, your honors. Good afternoon. May it please the court. My name is Allison Paige Brooks. I appear on behalf of the people. Excuse me. Ms. Brooks, if this was an armed robbery, would it be harder to prove? Given that we're talking about airsoft guns, that's what's recovered. Or would it be, what do they call that now? Is it called aggravated robbery? Oh. If you use a replica or? Well, if you imply or say you have a gun, but you don't actually have a firearm. But that would apply to using a BB pistol or a, would it apply to a BB pistol or an airsoft gun? Or is that still an armed robbery? Well, it depends because like the toy case, which is cited in my brief, it's not necessary for the police to recover an actual firearm. Right. So if the victim testified that it looked like a gun to him, that could be enough to sustain a conviction. So an attorney could advise a client to plead guilty, anticipating a victim to testify that they, or maybe had told police and so they anticipate the victim to testify that they saw what they thought was a real gun. And that could be enough to convict the defendant and sustain the conviction on appeal. So an attorney who knows that might advise their client to plead guilty, even though, for example, here, a potentially unrelated item like an airsoft pistol found on another property across the street, which the police could not determine was involved in this particular case. They might have suspected that, but it was never conclusively determined when it was found after the offense. I think it was along a flight path. So there was some sort of factors where that inference could be made that this was involved. But if there are multiple items, and the victims knew that a firearm was taken during the event, then at the time the threat is made, and the defense talked about whether they had to be armed with a firearm or not at the time they entered. And they said that there wasn't any authority to show that that was an element of the home invasion. What had to be, is they had to be armed with a firearm at the moment the offense is complete, which is when the threat is made. And if the defendant or one of his accomplices has in their possession an actual firearm taken during the burglary, then they would be, at least by accountability, regardless of who possessed that firearm taken during the burglary, would be guilty of home invasion while armed with a firearm. It doesn't have to be that actual item poked in front of the face of the victim. It could be anybody who was in possession of a firearm, an actual firearm, if one was taken during the burglary. And so a competent attorney who could look at that could understand that they don't have to prove the involvement of the airsoft pistol found across the street. They don't have to prove what was in the hand. I think there was a reference to the victim, a police report, seeing the cylinder cocked, or the hammer cocked back, and the cylinder and stuff. I mean, so there's enough testimony there to convict him of an offense involving a firearm, even with no firearm recovered by the police. And a competent attorney would know that and know that that's not an element. The police do not have to recover an actual firearm in order to convict. And if the defendant wanted to take a chance and argue that the only gun involved was the airsoft pistol across the street, he could have chosen to do that, but he elected not to. But that doesn't mean that he has a case of ineffective assistance, because he chose one way or the other. With respect to the issue on the photo lineup, the Public Act 98-1014 that took effect after the photo lineup would have been taking effect before the trial. The state looks at this statute, and there's a possibility that sort of like both sides could be at least partially right on this, in the sense that the retroactivity event in subsection J, which talks about the jury instruction. Well, the jury instruction could be something that happens at a trial. So the relevant retroactivity event for the issue of a jury instruction could be at a trial, happened after January 1st. But then you'd also have to say, failure to comply with requirements of the section. So it gets down to legislative intent. Does the legislature intend to provide for either suppression or even a jury instruction for, quote, noncompliance of this statute, or if it's a failure to comply with these requirements, when these requirements were not in effect at the time of the other relevant retroactivity event, which is the subsection A, requiring the different things that the police have to do to conduct the lineup. There's not reasonable to suggest the legislature required the police to comply with something that wasn't even approved or even legally in effect. It was approved in August 22nd, 2014, whereas this lineup was in July 21st, 2014. So there might have been a bill pending in the legislature, but wasn't even passed by the legislature when the lineup occurred. So it's not reasonable to suspect that the legislature meant to require the police to comply with things that weren't even in existence. And also, the delayed effective date. This didn't even take effect until January 1st. That's evidence of an intent not to make this retroactive, because it had a provision for a future effective date. So at most, it seems like what the defendant can get here is a jury instruction, if they can prove that, the legislature did sort of intend for situations where there was a lineup, for example, before 2015, that was not in compliance with these requirements. The legislature may have intended for that to be a possible jury instruction, for trials held after January 1st, 2015. That's as far as they get. I don't think they can persuade that the legislature intended for suppression for lineups occurring before these procedures were even approved by the legislature, let alone before the delayed effective date came. So without suppression, the defense case is much harder to make. I understand they only have to prove it as sort of like a non-frivolous issue to get past first stage. And I'm not sure if they've argued this, but the question is, is this petition non-frivolous in the sense that there is an open question to be resolved by the courts as to whether this statute is retroactive or not? The state is requesting this court to resolve the retroactivity issue and then assess the defendant's petition as to whether it is frivolous or not. And if this court agrees with the state's argument that these requirements do not apply retroactive and would not award suppression as a remedy in this circumstance, then the defendant's claim would be a lot harder to show it's non-frivolous. So I at least would like to suggest that there's a possibility that maybe the defendant could be right in terms of the relevant retroactivity event being a trial, at least for the limited part of the jury instruction, but only for that. And that under Section 4 of the Statute on Statutes, because we don't have any other evidence of legislative intent, procedural rules only apply to the extent that they are practicable. And here it's not practicable to apply a procedural requirement to something to require the police to do something before the change in law. So Section 4 of the General Statute on Statutes is the general rule. And it does not require all procedural changes to be made to apply to every proceeding. So like under the land graph, state sites in this brief, there's some analysis of possible situations where, for example, if evidence is taken at a trial and the case is on appeal and the rule changed on what evidence comes in, they wouldn't be granted a new trial. The procedural rule would take effect if the trial was held after the change. But even though the case, so in other words, the defendant relies here is an issue that, well, generally, so if the case reaches post-conviction, then retroactivity doesn't apply. And so he's saying this case was still pending so that the retroactivity bar would not apply. Well, that much is true, but that doesn't mean the converse is true. In other words, not all procedural changes apply globally to a case that is still pending. And that was the point that the state wanted to emphasize. And so with that in mind, the state invites this court to decide the retroactivity issue and then decide whether the defendant's petition is, in fact, arguably meritorious. With respect to the credit against fines, this was already ordered. So the state questions this court's jurisdiction to essentially issue a writ of mandamus to the circuit clerk. In other words, the request of relief the defendant wants is something this court does not have the power to give because this was already ordered by the trial court. So it's not like the defendant is applying for the credit for the first time on appeal from the dismissal of post-conviction petition. It is something that the trial court has already ordered. And the relief the defendant wants, an order directed at the circuit clerk, would, in fact, be a mandamus writ. And it's not something this court has the authority to issue. So for those reasons, I thank you for your time and request the court to affirm. Thank you, counsel. Any rebuttal? Thank you, Your Honor. This case should go back for second stage proceedings unless Mr. Kelly's claim rests on an indisputably meritless legal theory. Here, his theory that the case should be that he could possibly have challenged his lineup under the new statute is not an indisputably meritless legal theory. As the state argues in its argument just now, that we possibly may be correct as to the retroactivity in the jury instructions. And I think that the state is suggesting that it's possible that the statute may be ambiguous regarding the retroactivity event. And in the event that the statute is ambiguous, the rule of lenity requires that this court interpret the statute in favor of Mr. Kelly. The state also argues that Mr. Kelly's, arguing that the police officers in this case were required to perform, to conduct themselves in existence, in conformance with the statute that was not yet in effect. That's not Mr. Kelly's argument. Mr. Kelly is arguing that it's just possible that his attorney was ineffective for not challenging this lineup. And that it's possible that a jury instruction could have been read to the jury so that they would then be aware of the state's noncompliance with the statute. And if your honors have no further questions, respectfully request a remand. Thank you, counsel. We'll take this matter under advisement and be in recess at this time.